LAW OFFICE OF
## JESSE M. SIEGEL
The Woolworth Building
233 Broadway, Suite 707
New York, New York 10279

(Tel) 212-207-9009
(Fax) 212-732-1339

JesseMSiegel@aol.com

January 15, 2021

**BY ECF**

Hon. Joanna Seybert, District Judge
United States District Court for the
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: *United States v. Harriston,* 05 Cr. 16 (S-4) (JS) (VOSR).

Dear Judge Seybert:

As counsel to Michael Harriston, and as discussed at the status conference on January 13, 2021, we petition the Court to vacate his conviction and sentence under Count 21 of the indictment, pursuant to Title 28, United States Code, section 2255. Thank you for permitting us to present this petition in summary fashion. We also thank the Government for agreeing to proceed in this manner.

## Background

On March 24, 2006, Mr. Harriston pled guilty to counts 9, 10, 12 and 21 of the Fourth Superceding Indicment. **Counts 9** and **10** charged Mr. Harriston and others with conspiring to commit Hobbs Act robberies of specific jewelry stores, and **Count 12** charged him and others with conspiring to commit a Hobbs Act robbery of a telephone card salesman, all in violation of 18 U.S.C. §§ 1951(a) and 3551 et seq.

**Count 21**, at issue here, charged Mr. Harriston and another individual with using, carrying and brandishing a firearm in connection with the Hobbs Act conspiracy charged in Count 12, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) ("section 924(c)"), 2 and 3551 et seq. Count 21 alleged the Hobbs Act conspiracy charged in Count 12 constituted a "crime of violence" for purposes of section 924(c).

On September 10, 2009, the Court sentenced Mr. Harriston to concurrent terms of imprisonment of 12 months on Counts 9, 10 and 12, and to a consecutive 84-month term of imprisonment on Count 21.  The Court also imposed concurrent terms of supervised release of 3 years on counts 9, 10 and 12, and 5 years on count 21.

Judgment was entered on September 11, 2009.

## Discussion

Mr. Harriston's conviction and sentence under Count 21 should be vacated pursuant to the Supreme Court's decision in *United State v. Davis*, 139 S.Ct. 2319 (2019), the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), and this Court's Order vacating the conviction and sentence (in part) of Mr. Harriston's co-defendant, in *United States v. Larone Graham* (Case No. 2:05-cr-00016-JS, ECF Doc. No. 1020, 12/23/20).

In *Barrett*, the Second Circuit found that conspiracy to commit Hobbs Act robbery is not categorically a predicate crime of violence for purposes of section 924(c), in light of the Supreme Court's decision in *Davis*.  *Davis* rejected the "case-specific" approach previously taken by the Second Circuit, and required that the question of whether a crime constitutes a predicate crime of violence under section 924(c) must be answered using the "categorical approach."  139 S.Ct. at 2328; *see, Barrett*, 937 F.3d at 128.

The parties in *Barrett* agreed that the "conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague."  *Id* (emphasis in original).

In *Graham*, the Court granted a petition to vacate a 924(c) conviction with the government's consent, "because the predicate crimes -- Hobbs Act extortion and conspiracy to commit Hobbs Act extortion – fall under the residual clause of Section 924(c)(3)(B) that was declared unconstitutionally vague in <u>United States v. Davis</u>, 139 S.Ct 2319 (2019)."  (Doc. 1020 at 3.)

## **Conclusion**

For the above reasons, Mr. Harriston's conviction and sentence under Count 21 should be vacated.

Thank you for your attention to this application.

Very truly yours,

/s
Jesse M. Siegel