```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

                -against-                   ORDER
                                            05-CR-0016-13(JS)
MICHAEL HARRISTON,

                        Defendant.
--------------------------------------X
APPEARANCES
For United States:   Lara T. Gatz, Esq.
                     Mark J. Lesko, Esq.
                     Charles Rose, Esq.
                     Monica K. Castro, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York 11722

For Defendant:       Jesse M. Siegel, Esq.
                     Law Offices of Jessie M. Siegel
                     233 Broadway, Suite 707
                     New York, New York 10279
```

**FILED
CLERK
1/29/2021 12:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

SEYBERT, District Judge:

Currently before the Court is Defendant Michael Harriston's ("Defendant") petition, on consent, to vacate, set aside, or correct his 18 U.S.C. § 924(c) conviction (Count Twenty-One of the Superseding Indictment (S-4)) and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). (Petition, ECF No. 1022; Gov't Response, ECF No. 1023.) By way of brief background, on or around March 24, 2006, Defendant pled guilty before the Honorable Thomas C. Platt to two counts of conspiracy to commit Hobbs Act Robbery of specific jewelry stores in violation of 18 U.S.C. §§ 1951(a)

and 3551 et seq. (Counts Nine and Ten), one count of telephone card salesman Hobbs Act Robbery conspiracy in violation of 18 U.S.C. §§ 1951(a) and 3551 et seq. (Count Twelve), and one count of brandishing a firearm during a crime of violence (the crime charged in Count Twelve) in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) ("Section 924(c)"), 2, and 3551 et seq. (Count Twenty-One). (Min. Entry, ECF No. 211; Superseding Indictment (S-4), ECF No. 26.) On November 13, 2006, this matter was reassigned to the undersigned and on September 10, 2009, this Court sentenced Defendant to 96 months' incarceration. (Min. Entry, ECF No. 672; Sent'g J., ECF No. 673.)

Defendant argues that the Court should vacate his Section 924(c) conviction (Count Twenty-One) because the predicate crime -- conspiracy to commit Hobbs Act Robbery (Count Twelve) -- falls under the residual clause of Section 924(c)(3)(B) that the Supreme Court declared unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319 (2019). (See Petition at 2.) The Government agrees. (See Gov't Response.) Therefore, on consent, the Petition is GRANTED and the Section 924(c) conviction (Count Twenty-One) is VACATED.

At a January 13, 2021 status conference, the Court granted Defendant leave to file a second Section 2255 petition upon vacatur of the Section 924(c) conviction. (See Min. Entry, ECF No. 1021.) Accordingly, the Court renews its request that the

2

parties file a joint proposed briefing schedule as to Defendant's second Section 2255 Motion. (Id.) As such, the Court will defer on setting a schedule for resentencing until after consideration of the forthcoming, second Section 2255 motion. If, upon due consideration, resentencing is required, the Court will resentence Defendant on the remaining counts of conviction after taking into consideration all of his conduct, as well as his personal history. See Davis, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." (quoting Dean v. United States, 137 S. Ct. 1170, 1176 (2017))). At the appropriate time, if necessary, the Court will direct the Probation Department to prepare a revised Presentence Report, principally to recalculate the Guidelines range without reference to the Section 924(c) conviction.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Petition (ECF No. 1022) is GRANTED and the Section 924(c) conviction (Count Twenty-One) is VACATED; the Clerk of the Court is respectfully directed to close the corresponding civil case; and

IT IS FURTHER ORDERED that the parties shall forthwith file a joint proposed briefing schedule as to Defendant's second Section 2255 Motion; and

IT IS FURTHER ORDERED that the status conference scheduled for March 10, 2021 remains on the Court's calendar.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January  29 , 2021
         Central Islip, New York