UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

-against-

**ORDER**
05-CR-0016-13(JS)

MICHAEL HARRISTON,

Defendant/Petitioner.
--------------------------------------X

APPEARANCES
For United States: Lara T. Gatz, Esq.
Mark J. Lesko, Esq.
Charles Rose, Esq.
Monica K. Castro, Esq.
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

For Defendant: Jesse M. Siegel, Esq.
Law Offices of Jessie M. Siegel
233 Broadway, Suite 707
New York, New York 10279

SEYBERT, District Judge:

Currently before the Court is the Section 2255 Habeas Petition (hereafter, the "VOSR/Resentencing Petition") of Petitioner Michael Harriston ("Petitioner") seeking the dismissal of charges of violations of supervised release ("VOSR") and opposing resentencing after the vacatur of his 18 U.S.C. § 924(c) conviction, i.e., Count Twenty-One of the Superseding Indictment (S-4) (hereafter, "County Twenty-One"). (See VOSR/Resentencing Habeas, ECF No. 1028; Reply, ECF No. 1042.) The Government opposes

said Petition. (See Opp'n, ECF No. 1041.) For the following reasons, the VOSR/Resentencing Petition is GRANTED.

BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case. (See, e.g., Section 924(c) Habeas Petition, ECF No. 1024, at 1-2.) However, for the reader's convenience and as relevant to the instance Petition, the Court notes the following.

In March 2006, Petitioner pled guilty to three counts of robbery conspiracy and one count of using a firearm in connection with one of the robbery conspiracies – the subject Count Twenty-One. (See, e.g., Opp'n at 1.) At his September 2009 sentencing, Petitioner was sentenced to a total of 96 months' incarceration, which he served; he was released on December 30, 2011. (See id.) At that time, Petitioner commenced his terms of supervised release, which consisted of three years for each of the robbery conspiracy counts and five years for Count Twenty-One (hereafter, the "Five-Year Term"), all running concurrently. (See id.) His three-year terms of supervised release expired on December 30, 2014; however, Petitioner's Five-Year Term was scheduled to expiring on December 30, 2016. (See id.; see also VOSR/Resentencing Petition at 3.)

While Plaintiff was still subject to the Five-Year Term, on January 27, 2016: (1) a VOSR application was filed based upon Petitioner's January 26, 2016 arrest and detention on state charges

of First and Second Degree Rape (and related charges); and (2) an arrest warrant was requested from this Court. (See Opp'n at 2.) The Court issued the requested arrest warrant on January 28, 2016; it was lodged as a detainer on the VOSR. (See id.; see also ECF No. 887 (sealed).)

In state court on October 13, 2106, Petitioner pled guilty to Rape in the Second Degree. (See Opp'n at 2.) Thereafter, he was sentenced by the state court to five years' incarceration and five years' parole,[1] which sentence Petitioner completed on December 4, 2020. (See id.) At that time, Petitioner was produced to this Court and arraigned and detained on the instant VOSR. (See id.; see also VSOR/Resentencing Petition at 3.) At the January 13, 2021 hearing on the VOSR, Petitioner was granted leave to file his Section 924(c) Habeas Petition, which, as stated, was granted. Thereafter, with the Court's permission, the instant VSOR/Resentencing Petition was filed.

[1] The Kings County Supreme Court Judge also issued an 18-year order of protection in favor of Petitioner's victim. (See Opp'n at 2; see also VSOR/Resentencing Petition at 3.) Petitioner was also required to register as a sex offender. (See VSOR/Resentencing Petition at 3.)

THE INSTANT VOSR/RESENTENCING PETITION

Petitioner argues that the VOSR should be dismissed and he should be released from custody because the Court vacated Count Twenty-One, which formed the basis upon which the subject Five-Year Term was imposed. In essence, Petitioner contends that because he was convicted on Count Twenty-One in violation of the law, the sentencing consequences of that conviction – including the Five-Year Term – are also in violation of the law. Hence, there can be no violation of supervised release when that supervised release, i.e., the Five-Year Term, is a nullity. (See VSOR/Resentencing Petition at 5-6.) Rather, common sense dictated that "a defendant may not be punished for violating supervised release when the underlying conviction for which supervised release was imposed is vacated." (Id. at 9.)

Further, while Petitioner recognizes that a court has the authority to resentence a defendant on an interdependent sentence following the vacatur of a conviction which is part of the original sentencing package, he maintains that such authority is limited to instances where the defendant is still serving the original sentence. (See id. at 11-12 (citing United States v. Pizzuti, 843 F. App'x 383 (2d Cir. Feb. 11, 2021).) Here, since Petitioner is not "still serving the overall term of his larger sentencing package," having fully discharged the original sentence imposed upon him for the three valid robbery conspiracy

convictions, resentencing Petitioner would violate the prohibition against double jeopardy. (Id. at 12 (citation omitted); see also id. at 13-15; Reply at 2-3 (arguing the Court no longer has jurisdiction over Petitioner based upon a conviction that has been vacated, and "the better view is that resentencing is only permitted where the defendant is still serving part of the sentence imposed for the unvacated counts, including supervised release imposed on those counts," but "the Court need not decide this issue, as [Petitioner] is no longer serving any part of the original sentence").)

Finally, Petitioner contends, "even if resentencing were permissible, there would be no point in it. The [C]ourt cannot impose a longer term of imprisonment than originally imposed for the total sentencing package, which [Petitioner] has already served, and cannot impose a longer term of supervised release, because it imposed the maximum term, which he has already served." (Reply at 5.)

In opposition, the Government asserts that "[t]he Court has the authority and indeed the obligation to resentence the [Petitioner] in light of the dismissal of Count Twenty-One, especially as [Petitioner] has committed horrific crimes while under court supervision." (Opp'n at 7.) The Government argues that Petitioner's "term of supervised release has been tolled since January 26, 2016, the date of his arrest and pretrial detention in

connection with his subsequent rape conviction [and;] thus, eleven months remain in his term of supervised release." (Opp'n at 6.) Upon that contention, the Government posits that Petitioner "has not fully discharged all parts of the original sentencing package imposed" and requests the Court to "order an updated [Presentence Report] and then resentence [Petitioner] de novo on the remaining part of the sentencing package." (Id.) Its position is that resentencing should occur before the Court considers the VOSR application. (See id. at 7 (requesting "the Court defer any decision on the VOSR until such time as the resentencing is complete").)

Having considered the parties' submissions and the relevant statutory and case law, the Court finds dismissal of the VOSR is warranted, and conducting a resentencing is not. See, e.g., United States v. Deopersaud, No. 07-CR-0751, 2021 WL 1723268 (E.D.N.Y. Apr. 30, 2021) (Seybert, J.) (in granting Section 2255 petition, vacating Section 924(c) conviction and terminating corresponding supervised release, and finding resentencing unwarranted where petitioner fully served sentence on underlying conviction, including supervised release on the underlying conviction).

As to dismissing the VOSR: At the time of the alleged violations, Petitioner was serving only the Count Twenty-One related Five-Year Term; all other portions of his sentence had

been fully served. Thus, the Court is presented with a scenario akin to that found in United State v. Thomas, 135 F.3d 873 (2d Cir. 1998), i.e., a defendant challenging a sentence for a probation violation of an underlying sentence she argued was illegal. As the Second Circuit agreed with the defendant that her underlying sentence was illegal, it held that "there could be no violation of the probation that was illegally imposed by these now-void sentences." Thomas, 135 F.3d at 876. This case is sufficiently analogous: Petitioner's Count Twenty-One conviction has been vacated as unconstitutional, and as a consequence, the corresponding Five-Year Term is a nullity. In other words, because of the vacatur of Count Twenty-One, at the time of Petitioner's 2016 arrest on rape charges, as abhorrent as they are, Petitioner should not have been considered to be under supervised release. In the absence of that linchpin, the Government's tolling argument fails. Hence, there is no basis upon which to rest the subject violations.

As to resentencing: Any resentencing would be on the three remaining underlying robbery conspiracy counts, but as noted, Petitioner has fully served those sentences. Finding Petitioner has fully discharged the original sentencing package imposed upon him for the three underlying robbery conspiracy convictions, there is no need for resentencing. See Deopersaud, 2021 WL 1723268, at *1 (where Section 924(c) conviction was

vacated, finding conducting a resentencing unwarranted where petitioner had already served term of imprisonment and completed the maximum period of supervised release for underlying conviction).

To the extent not explicitly addressed, the Court has considered the Government's other arguments in opposition and find them to be without merit.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's VSOR/Resentencing Petition (ECF No. 1028) is GRANTED, with:

I. The violations of supervised release being dismissed;
II. The Government's request for resentencing being denied; and
III. Petitioner ordered released from custody forthwith, pending the appropriate release procedures by the U.S. Marshals Service, Bureau of Prisons, and/or the facility in which Petitioner resides.

Further, the Clerk of Court is directed to close the corresponding civil case, No. 21-CV-0968.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January _13_, 2022
Central Islip, New York